## MATTONE v. ILLINOIS SURETY CO.

### (Supreme Court, Appellate Term.    May 24, 1910.)

1. PRINCIPAL AND SURETY (§ 139*) — REMEDIES OF CREDITORS — CONDITIONS PRECEDENT TO ACTION—DEMAND—NECESSITY.

   Where a private banker, on whose bond defendant became surety, had absconded, a demand on him for a return of a deposit, if otherwise necessary in order to recover on his bond, was excused.

   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 288; Dec. Dig. § 139.*]

2. PRINCIPAL AND SURETY (§ 140*)—REMEDIES OF CREDITORS.

   Where a bond was conditioned upon the principal's duly accounting for and promptly paying over all moneys deposited with him as a private banker, a depositor was not bound to prove his claim against the principal's trustee in bankruptcy, before suing on the bond to recover deposits.

   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 389; Dec. Dig. § 140.*]

3. PRINCIPAL AND SURETY (§ 142*)—REMEDIES OF CREDITOR—DEFENSE.

   Where no stay was asked in the federal court by a surety on a private banker's bond until a creditor of the banker's principal proved his claim against the trustee in bankruptcy, a contention, in an action on the bond to recover deposits, that the surety was not liable until plaintiff proved his claim against the trustee in bankruptcy, and then only to the extent of the balance unpaid, was untenable.

   [Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 142.*]

4. BANKRUPTCY (§ 418*)—EFFECT OF PROCEEDINGS—EFFECT AS TO THIRD PERSONS.

   Bankruptcy proceedings only discharge the bankrupt, and do not deprive a creditor of a right of action against third persons.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 418.*]

5. PRINCIPAL AND SURETY (§ 70*)—SURETY'S LIABILITY.

   Laws 1907, c. 185, as amended by Laws 1908, c. 479, requires all persons engaged in selling steamship tickets, etc., who, in conjunction therewith, receive money on deposit, before entering upon or continuing such business, to execute a bond for the repayment of such deposits. A bond given pursuant to the statute was to secure the principal's obligation "to repay any money received on deposit," as provided by the statute, and to "duly account for and promptly pay the moneys received by him as aforesaid." Held, that a depositor could recover for moneys deposited before the bond was executed, as well as thereafter, in an action against the surety on the bond.

   [Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 70.*]

Appeal from City Court of New York, Trial Term.

Action by Francesco Mattone against the Illinois Surety Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals.    Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Wray & Callaghan, for appellant.

Nelson R. Keach, for respondent.

GUY, J.    The action was brought upon a bond given by one Pesce and the defendant, as surety, under chapter 185, Laws 1907, as amend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed by chapter 479, Laws 1908. Pesce conducted a private bank. Plaintiff was a depositor to the amount in suit. In April or May, 1909, according to the testimony, Pesce absconded, and his bank closed. The bond is to secure the obligation of Pesce, among other things, "to repay any money received on deposit as provided" by said laws hereinabove cited, and to "duly account for and promptly pay the moneys or equivalent thereof received by him as aforesaid." It is conceded that part of the moneys in suit were deposited prior to the giving of the bond.

Defendant appellant urges that it is not liable until a demand is made upon Pesce for the return of the deposit. But, in view of the proof that Pesce had absconded, it is plain that a demand, if necessary, is excused. Am. & Eng. Ency. of Law, vol. 3, p. 839.

Appellant's next point is that no recovery can be had against it until plaintiff has proved his claim against the trustee in bankruptcy of Pesce, and then only to the extent of the balance then unpaid. In view of the condition of the bond that the principal will duly account for and promptly pay over all moneys, and that the security was given for a deposit in a bank, and not for an ordinary debt, this objection is not good. Moreover, the authorities cited in support of appellant's position are to the extent of holding merely that a stay might properly be granted under such conditions; but, as no application for a stay was made by this defendant in the federal court, this ground of appeal is without merit.

The bankruptcy proceedings operate only to discharge the bankrupt, and do not deprive the creditor of any right of action against other persons. See Collier on Bankruptcy, § 16, III, b, p. 305 et seq.

Finally, the appellant urges that there can be no recovery against it for moneys deposited prior to the giving of the bond, as such a construction of the statute would make it "retroactive." It is rather difficult to understand what defendant regards as the application of this term to the case at bar. But, whatever defendant may mean, it is sufficient to say that appellant was at liberty to refrain from giving any bond, and, on the other hand, it must be bound by the terms of the bond, whether the same secures the prompt payment of moneys deposited only after the giving of the bond, or during any term of years theretofore. This is not the case of a statute imposing either a tax or an obligation with a retroactive effect, but rather the case of a contract voluntarily given by the appellant, to the precise terms of which it must necessarily be held.

From the language of the statute, which is substantially incorporated in the bond in the case at bar, it is evident that the deposits are spoken of as in præsenti, and that the depositor, as to any person then engaged in the business, is entitled to recover the then existing as well as future deposits. It would be exceedingly simple, had the Legislature so intended, to have limited the application of the bond to the repayment of moneys "thereafter" received or deposited. The bond in this instance was required by the statute as a condition of the banker continuing in business, and it was clearly contemplated that it should be applicable to all matters relating to such continuance in business.

The judgment below is affirmed, with costs. All concur.