CHURCH E. GATES & COMPANY, Appellant, *v.* B. N. BUILDERS, INC., and Others, Defendants, Impleaded with MARY K. GINSBERG and Others, Respondents, and ANTHONY L. PIVA and Others, Appellants. (And Five Other Actions.)

First Department, April 21, 1933.

*Harry I. Stein* of counsel [*Leon Kauffman* with him on the brief; *Harry I. Stein*, attorney], for the appellant Church E. Gates & Company.

*Samuel Natapoff*, for the appellants Anthony L. Piva and others.

*Arthur T. Clark* of counsel [*Henry M. Bellinger*, attorney], for the respondents Mary K. Ginsberg and Tillie Kreitman.

*George O. Redington* of counsel [*Alfred Hayes* with him on the brief; *Charles W. Dayton*, attorney], for the respondent Empire City Savings Bank.

*Henry S. Mansfield* of counsel [*J. Tobias Goldberg*, attorney], for the respondent Tivoli Holding Corporation.

*Jacob Weinberger*, for the respondent Benjamin Marder.

TOWNLEY, J. The original action was brought by plaintiff to foreclose a mechanic's lien for labor and services furnished to property owned by defendant B. N. Builders, Inc., and for other relief. Defendants, appellants, were joined as parties asserting similar claims but for different amounts. The complaints were dismissed at the close of plaintiff's case as against the respondents. Appellants are, therefore, entitled to every fair inference to be drawn from the testimony.

There are four causes of action. The first cause of action involves a transaction between B. N. Builders, Inc., and one Marder. A mortgage was executed by B. N. Builders, Inc., to Marder for $10,000. It was executed November 13, 1930, but was recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion thereof and it did not contain a covenant by B. N. Builders, Inc., that it would receive the advances secured thereby as a trust fund to be applied as provided in section 13, subdivision 3, of the Lien Law. By subdivision 2 of the same section, " No mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion thereof shall have priority over liens thereafter filed unless it contains the covenant required by subdivision three hereof." It necessarily follows that Marder was not entitled to any priority over the appellants.

The second cause of action was to set aside a conveyance made by B. N. Builders, Inc., to the defendants Mary K. Ginsberg and Tillie Kreitman, the wife and mother-in-law, respectively, of Joseph H. Ginsberg, one of the stockholders, officers and directors of said B. N. Builders, Inc. The property conveyed was one of the parcels of real estate on which improvements were being made.

Giving the evidence every intendment in favor of plaintiff, it was established that there was no consideration for the transfer and that at that time B. N. Builders, Inc., was indebted to numerous creditors, including plaintiff, in the amount of $18,000, which amount it was unable to pay. Consequently, the voluntary conveyance is presumptively fraudulent (*Smith* v. *Reid*, 134 N. Y. 568) and the complaint should not have been dismissed.

The third cause of action is directed against the defendant Empire City Savings Bank, and seeks to have six consolidated mortgages covering these premises and held by that defendant canceled as of record or judicially declared and decreed to be an incumbrance junior to plaintiff's lien or in the alternative to have such bank directed to pay into court the sum of $5,000.

The evidence favorable to the plaintiff on this cause of action follows: Originally B. N. Builders, Inc., gave six building loan mortgages, each for the sum of $12,500, to the Lloyds First Mortgage Corporation, which assigned them to the defendant bank. Each mortgage contained the covenant that the borrower would receive the advances as a trust fund first to be applied to defray the cost of improvements as required by section 13 of the Lien Law, above adverted to. Thereafter, B. N. Builders, Inc., executed six additional mortgages in the sum of $1,500, which were consolidated with the mortgages first given and again they held the proper trust covenant clause under section 13 of the Lien Law.

It was further shown, however, that it was agreed that the amount of this second loan should not be paid in full, but that $5,000 thereof should be applied by B. N. Builders, Inc., on account of the purchase price of certain real property owned by the bank at 539 Barretto street, Bronx. As to this transaction, plaintiff's evidence showed, again giving it every fair intendment, that a $5,000 check was executed by the bank to the order of B. N. Builders, Inc. The representative of the bank, however, went to plaintiff's bank accompanied by Rosenstock, the president of the borrower corporation. The $5,000 check of the savings bank was then deposited in B. N. Builders, Inc., bank account, and at the same time the savings bank representative had the check of B. N. Builders, Inc., drawn on that same account to the order of the savings bank certified. There were no other funds on deposit.

It is clear that there was immediately a diversion of the funds by the borrower which would subject the savings bank to having its mortgage made a junior incumbrance to the amount diverted, at least. We do not pass on the question whether or not the entire transaction was vitiated. The bank was clearly liable, for it took part in this transaction by an agreement with B. N. Builders,

Inc., and had full knowledge that the mortgage contained this trust fund covenant for the benefit of mechanics' lienors. This third cause of action, therefore, was also improperly dismissed at the close of plaintiff's case. A cause of action had been *prima facie* established against the bank for some relief, at least.

The fourth cause of action pleaded by plaintiff seeks to set aside a transaction between B. N. Builders, Inc., and the defendant Tivoli Holding Corporation for the exchange of certain property. On October 22, 1930, B. N. Builders, Inc., entered into an agreement with the Tivoli Holding Corporation, whereby the former conveyed two pieces of property on Muliner avenue for one parcel owned by Tivoli Holding Corporation on White Plains road. The agreement was that B. N. Builders, Inc., would execute and deliver to Tivoli Holding Corporation a purchase-money mortgage for $21,000 on the White Plains road property and Tivoli Holding Corporation would execute and deliver a purchase-money mortgage for $5,000 on one of the Muliner avenue properties. B. N. Builders, Inc., was further to obtain a release of the two Muliner avenue properties from the lien of a blanket mortgage. The agreement provided that the $5,000 mortgage to be given by the Tivoli Holding Corporation on one of the Muliner avenue parcels was to be held in escrow, and would be delivered after the release of the Muliner avenue property from the blanket mortgage. This agreement did not provide that the *deed* was to be held in escrow. Nevertheless, the deed to the White Plains road property was not given to B. N. Builders, Inc., but to one Goldberg, the attorney who was acting as escrow agent. The deed has never come to B. N. Builders, Inc., though B. N. Builders, Inc., has itself duly conveyed the Muliner avenue properties and has executed and delivered the $21,000 purchase-money mortgage on the White Plains road property.

In our view of the case, the creditors of B. N. Builders, Inc., would be entitled after trial, at least, to a direction that the Tivoli Holding Corporation should deliver up a deed of the White Plains road property to B. N. Builders, Inc. On a full adducement of the facts it well might be that the entire transaction would be set aside. It is sufficient on this appeal, however, to hold that a cause of action was at least made out for the giving of the deed to the White Plains road property to B. N. Builders, Inc.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event. Settle order on notice.