SAMUEL J. COHEN, as Trustee in Bankruptcy of MORRIS BENJAMIN, Bankrupt, Respondent, v. GUSSIE BENJAMIN, Appellant.—Appeal by defendant from a judgment entered in Sullivan county upon a decision rendered at a Trial Term of the Supreme Court held in and for said county without a jury. The action is brought to set aside a conveyance of certain property made to the defendant by her husband about September 10, 1931, on the ground that he was then insolvent; that the conveyance was without adequate or fair consideration and has destroyed the remedy of his creditors to collect the amounts due them. The grantor was a member of a partnership and at the trial it was conceded that at the time of the said conveyance the copartners were indebted to certain specified creditors; that said grantor was adjudicated a bankrupt October 5, 1932, and was discharged in bankruptcy November 17, 1933; that none of the claims of said creditors have been paid. It has not been shown that the grantor owed any creditors other than those of the partnership creditors except the indebtedness which he claims he owed to his wife. The grantor claimed that about 1929 he borrowed of defendant $7,900 to enable him to purchase a third interest in said partnership, the amount which he paid for said interest being $10,500. The partnership became the owner of the Regal Hotel at Fallsburg, N. Y. It was shown that the partnership thereupon enlarged and improved the property and that several mortgages were placed thereon. The trial court found that the value of the interest in the property conveyed to the defendant was $10,000; that said conveyance was without any consideration and was made with intent to hinder, delay, cheat and defraud the creditors of said grantor, all with the knowledge and consent of the defendant; that the conveyance and transfer of said property was without adequate or fair consideration; that by said conveyance said grantor rendered himself insolvent and has destroyed his creditors' remedy to collect the amounts due them. There is evidence to support the finding that the conveyance to the defendant was without adequate or fair consideration and that it was made with the intent on the part of both defendant and her husband to cheat and defraud his creditors. Upon proof by the plaintiff that the conveyance was made for an inadequate consideration at the time when the grantor was indebted to other creditors, the transfer was presumptively fraudulent and the burden was then cast upon the defendant of going forward to establish that her husband was solvent at the time of the transfer. Such conveyance raised the presumption that the grantor was insolvent at the time of the conveyance. (*Feist* v. *Druckerman*, 70 F. [2d] 333; *Frank* v. *Von Bayer*, 236 N. Y. 473; *Brody* v. *Pecoraro*, 250 id. 56; *GaNun* v. *Palmer*, 216 id. 603; *Kerker* v. *Levy*, 206 id. 109; *Cole* v. *Tyler*, 65 id. 73; *Sabatino* v. *Cannizzaro*, 243 App. Div. 20; *Sandler* v. *Parlapiano*, 236 id. 70; *Greenwald* v. *Wales*, 174 N. Y. 140; *Baldwin* v. *Short*, 125 id. 553; *Smith* v. *Reid*, 134 id. 568; *Gates & Co.* v. *B. N. Builders, Inc.*, 238 App. Div. 163; *Lawrence Bros., Inc.*, v. *Heylman*, 111 id. 848; *Herter* v. *Krzewinski*, 233 id. 240; *White* v. *Benjamin*, 150 N. Y. 258. See, also, Debtor and Creditor Law, art. 10.) The appellant's counsel asserts that the plaintiff has not shown that at the time of the conveyance to defendant there remained

insufficient assets of the copartnership to discharge the copartnership debts. As above set forth, however, the burden was upon the defendant to show solvency and good faith and upon this issue the court has found against her. The appellant also says that it was error for the court to receive in evidence as against the defendant the petition filed by her husband in bankruptcy, that the statements therein were hearsay and not binding as to her, and that, therefore, the petition was not competent for the purpose of showing the amount of indebtedness recited in such petition as having been owing by the partnership. (Citing Barr v. Sofranski, 130 App. Div. 783.) Such error, however, may be disregarded, since the plaintiff was not under the burden of establishing the insolvency of the defendant and of the copartnership. Judgment unanimously affirmed, with costs. The court reverses the eleventh finding of fact of the decision. Hill, P. J., dissents from the reversal of the eleventh finding of fact. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.