JOSEPH CAPIZZI, Appellant, *v.* MARY G. KHOURY, Respondent.*

Supreme Court, Appellate Term, Second Department, April 21, 1938.

* Motion for leave to appeal to Appellate Division denied, 254 App. Div. 882.

*Louis Braun,* for the appellant.

*Pickett & Pickett* [*Walter H. Pickett* of counsel], for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law and the facts, with thirty dollars costs to plaintiff, and judgment directed for plaintiff for $339.20, with interest thereon from July 7, 1934, together with taxable costs.

The action was brought by the plaintiff, the purchaser, under a contract for the purchase and sale of vacant land, to recover his down payment and expenses by reason of the unmarketability of defendant's title.

Defendant and her husband originally had owned the land as tenants by the entirety. By a deed dated October 14, 1927, and recorded June 13, 1928, the husband had conveyed his interest to defendant, his wife. It is admitted this deed was given without consideration and that on the dates mentioned the husband had many unpaid creditors. On July 2, 1928, an involuntary petition in bankruptcy was filed against the husband and his brother, copartners in the wholesale export and import grocery business, alleging that, while insolvent, they permitted judgments to be obtained against them and a levy to be made upon their property. Upon the husband's consent he was subsequently adjudicated a bankrupt. His schedules showed liabilities of some $14,000 and assets of about $2,000. On January 23, 1929, the husband was discharged, and on July 7, 1930, the trustee was discharged and the estate closed. On July 17, 1934, the date fixed for the closing, plaintiff rejected the title because the conveyance from the husband to the wife was subject to attack by the unpaid creditors disclosed by the bankruptcy proceeding. The title was not rejected because it was subject to attack only in the bankruptcy proceeding. The

fair inference is that the rejection was predicated primarily on the right of creditors to attack the conveyance for fraud irrespective of the forum or proceeding in which they or any one on their behalf might elect to exercise their right so to do. A conveyance by the husband without consideration at a time when he was indebted to various creditors raises the presumption that the grantor was insolvent, that the conveyance is made with an intent to cheat and defraud the grantor's creditors and that it is fraudulent. (*Cohen* v. *Benjamin,* 246 App. Div. 866, and cases there cited.) There is nothing in the evidence offered by defendant to overcome this presumption. Under the circumstances the proof would be sufficient even in an action by the husband's creditors to set aside the conveyance. But in this action the proof amply shows a reasonable and substantial doubt as to the marketability of defendant's title and that is sufficient to justify plaintiff in rejecting the title. Despite the Statute of Limitations prescribed by the Bankruptcy Act (U. S. Code, tit. 11, § 29, subd. d) which might bar a suit by the trustee to set aside the conveyance, creditors, and particularly judgment creditors, under the circumstances here may still bring such an action in the State courts on the ground of fraud without regard to the limitations imposed by the Bankruptcy Act. (*Dewey* v. *Moyer,* 72 N. Y. 70; *Lowendahl* v. *Baltimore & Ohio R. R. Co.,* 247 App. Div. 144, 148; affd., 272 N. Y. 360; *Rice* v. *Chapman,* 234 App. Div. 279.) If the conveyance be set aside the husband's interest is substantial. It is coextensive with the wife's. While they both live each is entitled to one-half the income and each is entitled to an equal possessory right, and upon the death of one the survivor succeeds to the entire estate. (*Hiles* v. *Fisher,* 144 N. Y. 306; *Matter of Maguire,* 251 App. Div. 337; affd., 277 N. Y. 527.) The fact that there is no immediate income does not affect the substantial character of the husband's interest. It is subject to the payment of his debts, may be subjected to the lien of a judgment against him, and may be sold under execution. (*Finnegan* v. *Humes,* 252 App. Div. 385; affd., 277 N. Y. 682; *Hiles* v. *Fisher,* 144 id. 306.)

All concur. Present — LEWIS, SMITH and McCOOEY, JR., JJ.