In the Matter of NATIONAL CITY BANK OF NEW YORK, to Compel ANNIE BOGART, as Administratrix with the Will Annexed of the Estate of ROSA OPPENHEIM, Deceased, to Render and Settle Her Account. NATIONAL CITY BANK OF NEW YORK, Appellant; ANNIE BOGART, as Administratrix of the Estate of ROSA OPPENHEIM, Deceased, Respondent.— In a proceeding in the Surrogate's Court, Suffolk County, the petition of a creditor of the decedent to compel the administratrix to account for funds received and paid out by the decedent was dismissed after trial. Decree reversed on the law and the facts, and the matter remitted to the Surrogate's Court for a new hearing, with costs to abide the event. The finding implicit in the Surrogate's decision that the decedent was solvent in January, 1932, is contrary to the evidence in the record. That finding and other inconsistent findings and conclusions are reversed. The promise of future support was not fair consideration within the meaning of section 272 of the Debtor and Creditor Law and was insufficient to validate the transfer at a time when the transferor was in debt. Under such circumstances insolvency is presumed, and the burden of overcoming the presumption is upon the respondent, who may be able, on the new hearing ordered, to adduce proof in that respect. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL GARRITANI, Appellant.— Judgment of the County Court, Kings County, convicting defendant of the crimes of incest, assault in the second degree and endangering the health and morals of a child, unanimously affirmed. (*State* v. *Warner*, 79 Utah 500; *Rex* v. *Lindsay*, 36 Ont. L. R. 171; *Drake* v. *State*, 151 S. W. 315 [Tex.].) Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

IRENE J. ROBERTS, Respondent, v. ARTHUR HARDONCOURT, Appellant.— Order denying defendant's motion to vacate a judgment annulling the marriage of the parties herein, to reopen the cause, and for other relief, affirmed, with $10 costs and disbursements. No opinion. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [See 270 App. Div. 811.]

## (December 4, 1945.)

In the Matter of SIDNEY SHAPIRO, an Attorney.— The above-named attorney having been convicted in the United States District Court, Southern District of New York, on the 30th day of October, 1945, of the crime of bribery, a felony, on his own plea of guilty, and the sentence of two years' imprisonment imposed on such conviction having been suspended on condition that he resign as an attorney and counselor at law, and the said Sidney Shapiro having filed with this court on the 31st day of October, 1945, a resignation consenting that his name be struck from the roll of attorneys and counselors at law of this court, the said Sidney Shapiro is hereby disbarred and removed as an attorney and counselor at law and his name is ordered to be struck from the roll of attorneys and counselors at law. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.