Frank A. G-ulotta, J.
This is a motion to dismiss as insufficient in law, each of three canses of action alleged in a complaint to set aside conveyances as having been made in fraud of the plaintiff creditor.
The defendant, Theodore S. Keehn, who is an officer of Marbrooke Coat and Suit Co., Inc., on March 26, 1953 deeded to Florence Keehn, his wife, the premises at No. 64 Diamond Street, Elmont, New York, owned by them as tenants by the entirety and occupied by them as a home. At that time the corporation was indebted to the plaintiff, but Keehn was not.
*1018 On June 25, 1953, in consideration of an extension of time to pay the corporation debt, Keehn personally guaranteed it. Judgments aggregating $2,413 have now been recovered against Keehn and executions were returned unsatisfied on April 11, 1957.
In the meantime, and on January 3, 1955, there was a second conveyance of the above house, this time from Florence Keehn to Harris Birenbach, her brother. Both conveyances were made without consideration and Keehn and his wife have at all times continued to reside at the premises.
The first cause of action is based on section 273 of the Debtor and Creditor Law. In an attempt to meet the requirement that plaintiff be an existing creditor at the time of the transfer attacked, which of course was not the case in March, 1953, plaintiff charges that that transfer was illusory and that Theodore S. Keehn remained the owner, so that the transfer in 1955 by the wife, when he was indebted, was in fact his transfer through the agency of the wife and that it was, therefore, fraudulent.
To accomplish this result the pleader relies on an allegation to the effect that “ said conveyance to defendant Florence Keehn conveyed bare legal title only, beneficial title remaining in defendant Theodore S. Keehn ”. (See par. 7 of amended complaint.)
This is an unalloyed and pure legal conclusion based on some facts which, if they exist, are undisclosed. Certainly an agreement by the parties would be needed to bring about such a result, or the law would have to impose such a result from the mere occurrence of the event. No such agreement is alleged, nor does the law presume it. The occupancy of the premises by the husband and wife after the conveyance to her is, of course, perfectly consistent with her ownership. While such occupancy is not consistent with title in her brother, in order to upset the second conveyance in the first cause of action, the first conveyance must first be invalidated, and occupancy as we have noted, is immaterial to that issue.
The second cause of action is based on section 275 of the Debtor and Creditor Law, which makes a voluntary conveyance fraudulent as to “ both present and future creditors ”, if the person making it believes that he will incur debts in the future beyond his ability to pay.
The third cause of action is based on section 276, which makes every conveyance fraudulent, where there is an actual intent as distinct from an intent presumed in law, to defraud “ either present or future creditors ’ \
*1019 While both these causes reallege objectionable paragraph 7, it is surplusage as to them, since these are direct attacks on the first conveyance.
Numerous cases have been cited by both sides having little to do with the issue before the court, dealing as they do with statutes long since amended, e.g., Phillips v. Wooster (36 N. Y. 412) decided in 1867, is of small assistance in deciding the application of a statute such as sections 275 and 276 adopted in 1925.
The plaintiff unwisely relies on a statement in Dewey v. Moyer (72 N. Y. 70), decided in 1878, to the effect that where a grantor intends to defraud present creditors, future creditors can likewise attack the transfer, to meet the objection that he did not become a creditor until after the grant. I say unwisely, because there is no showing that Theodore S. Keehn had any other creditors. An answer more to the point, is that neither section 275 nor section 276 requires both classes of creditors, before they come into play. In fact they specifically provide for exactly the opposite.
The motion is granted as to the first cause of action, with leave to plead over within 20 days after service of a copy of the order to be entered hereon, and otherwise denied.
Short-form order signed.