George P. Stier, J.
This action was brought by plaintiff to set aside a conveyance of real property and a transfer of ownership of automobiles by defendant. Irving B. Goldston to his wife, Lillian Goldston, and to vacate, set aside and declare null and void a judgment obtained by defendant Metsch against defendant Irving B. Goldston on the ground that they were all transfers in fraud of creditors.
Plaintiff and defendant Irving B; Goldston became acquainted in about April, 1956. Defendant Irving B. Goldston, interested in the purchase of a motor freight transportation. company, negotiated with plaintiff for the purchase of plaintiff’s stock in H. E. Swezey :& ■ Son Motor Transportation, Tnc.,- ■ hereinafter referred to as “ Swezey ”, of which plaintiff was president and principal stockholder. On October 1, 1956, defendant Irving B. Goldston became employed as comptroller, of Swezey with the understanding that, if satisfied with the condition of Swezey, he and one Gottfried would agree to purchase plaintiff’s stock in Swezey.
*744 Subsequently and on or about October 29, 1956, defendant Irving B. Goldston and Gottfried, who had previously been employed by Swezey as operations manager, purchased plaintiff’s stock in Swezey for the sum of $42,755.20, paying $10,000 in cash and executing a series of promissory notes,: each in the face amount of $150 payable monthly without interest. Thereafter 12 payments were made until February 1,1957, when defendant Irving B. Goldston defaulted and plaintiff agreed to suspend further payments until January 31,1958.' On February 7, 1958, payments were resumed, but eventually there was a default on October 11, 1958, and plaintiff thereupon instituted action and, on June 10, 1959, obtained a judgment in the sum of $26,396.39. On March 14, 1957, \a deed from defendant Irving B. Goldston to his wife, defendant Lillian Goldston, was recorded, conveying premises, 45-38 — 218th Street, Bayside, Queens County.
Plaintiff’s first cause of action seeks to set aside this conveyance on the ground that it was in .fraud of creditors. Plaintiff contends that although this deed, bore the date October 16, 1956, it was actually antedated and not executed until on or about the date of recording, March 14,1957, and that defendant Irving B. Goldston received no consideration therefor.
The second cause of action seeks to set aside and cancel a judgment obtained by defendant Metsch in about May, 1959 against defendant Irving B. Goldston, based upon alléged loans.
The third cause of action seeks to set aside the transfer of two automobiles in September, 1958 by the said Irving B. Goldston to his wife, defendant Lillian Goldston.
With respect to the first cause of action, defendant Irving B. Goldston claims that his wife, who is unemployed, had loaned him $4,000, which she had borrowed from her parents, in order to purchase the Swezey stock. Neither his wife,- defendant Lillian Goldston, nor her parents who resided with the defendants, were called to testify and no other proof was offered to substantiate defendant Irving B. Goldston’s testimony of an alleged loan. The deed itself had no revenue stamps affixed to it.
Furthermore, both defendant Irving B. Goldston and his then attorney testified that since the date of purchase of the house his attorney had insisted that if he ever intended going into business he must transfer title to Ms wife in order to protect her and to place the property beyond the reach of creditors.
TMs court finds from all the evidence that the conveyance by the defendant Irving B. Goldston was a voluntary one without consideration. A voluntary conveyance made when a grantor is indebted to creditors gives rise to the presumption that he was *745 then insolvent, is presumptively fraudulent, with the burden upon the grantor to establish his solvency. (Cole v. Tyler, 65 N. Y. 73 ; Smith v. Reid, 134 N. Y. 568 ; Ga Nun v. Palmer, 216 N. Y. 603 ; Cohen v. Benjamin, 246 App. Div. 866 ; Capizzi v. Khoury, 168 Misc. 490 ; National City Bank v. Bogart, 269 App. Div. 1040 ; Campbell v. Brown, 268 App. Div. 324.)
This presumption of insolvency was not rebutted by the defendant Irving B. Goldston. ■ His own testimony that he had allegedly informed plaintiff at the time of the contract- that he had conveyed his real estate to his wife and had no assets other than his automobiles did not rebut this presumption, but, to the contrary, supported it.
The plaintiff contends that the deed was executed on or about the recording date, March 14, 1957, and not on the date appearing on the face thereof. The testimony of defendants’ then attorney was not very convincing in the light of the defendant Irving B. Goldston’s own testimony in his examination before trial when, in answer to the question as to the date of the conveyance, he stated: “I’d say about January or February around the beginning of 1957.” The inference drawn by this court is that regardless of the date of signing of the deed, in view of the reluctance of the defendant Irving B, Goldston to part with title, that it was to be withheld from record and not to become effective unless the business experienced financial difficulties. Financial difficulties did develop in February, 1957 and the deed was thereafter recorded.
In the opinion of this court, the evidence establishes that the conveyance violated the provision of section 273 of the Debtor and Creditor Law.
Additionally, even if the property had actually been conveyed on October 16, 1956, it would still be in violation of the Debtor and Creditor Law. It was within the period of time after defendant Irving B. Goldston became employed by Swezey and while he was negotiating for the purchase of plaintiff’s stock in Swezey, which was consummated on October 29, 1956, when he incurred a debt of $42,755.20 with assets consisting only of his house and automobiles. A conveyance on that date under all the circumstances established by the evidence in this case would be in violation of section 275 of the Debtor and Creditor Law. (Erlanger, Blumgart & Co. v. Keehn, 19 Misc 2d 1017.)
The default judgment obtained by defendant Metsch was allegedly based upon occasional loans made by defendant Metsch (a relative) to defendant Irving B, Goldston. Defendant Metsch never kept a record of the amount he allegedly loaned, never *746 made any demand for payment and instituted action only on the suggestion of defendant Irving B. Goldston. The only knowledge defendant Metsch had of the amount allegedly owing to him was from a slip of paper he claimed to have received from defendant Irving B. Goldston, which he did' not give to his attorney nor produce in court, claiming to have lost it. This court finds from all the evidence that the default judgment obtained by defendant Metsch against defendant Irving B. Goldston is not a valid judgment and was procured with the intent to hinder, delay and defraud creditors.
Defendant Irving B. Goldston testified that the transfer of ownership of the automobiles was for a past consideration of $800 which he allegedly borrowed from his wife, who was unemployed and not produced in court to testify. No record was kept, hut the amount allegedly borrowed was mutually agreed upon between them. This court finds that this transfer of ownership of the automobiles was part of a scheme or plan by lefendant Irving B. Goldston to defraud creditors and must be jet aside.
This court, therefore, directs entry of judgment for the plaintiff for the relief demanded in the complaint.