Charles M. Hughes, J.
The plaintiffs in the above-entitled actions seek a summary judgment against the defendants, setting aside conveyances of certain pieces of real property made by the defendant Amerigo Battaglioli to the defendant G-eppina Rainone dated July 21, 1960 and by the defendant Geppina Rainone to Piérina Battaglioli on August 24, 1960, and a conveyance made by Anthony Perrino to Mary Jean Perrino on September 29, 1961. The plaintiff in both of the above-entitled actions is a judgment creditor of Amerigo Battaglioli and Anthony Perrino, individually and doing business as Battaglioli and Perrino, mason contractors, said judgment having been obtained in the Supreme Court of the State of New York, New *95 York County, on the 23rd day of May, 1961. Both of the judgment debtors conveyed their interests, and the plaintiff contends the said conveyances were fraudulent within the meaning of the Debtor and Creditor Law of the State of New York.
An examination of the motion papers and the affidavits submitted on this motion reveals that there is no issue raised concerning the fact that the above-mentioned conveyances were made. One of the issues of fact raised by the opposing affidavits, was that in each instance, there was an antecedent debt which constitutes the consideration for the transfer of the real property involved. Section 272 of the Debtor and Creditor Law provides, in part, as follows:
“ Fair consideration is given for property, or obligation.
“ a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or
“ b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.” (See, also, Proc. v. Hall, 11 A D 2d 364.) The court cannot grant summary judgment where a triable issue of fact is raised.
The case cited by the plaintiff of Cohen v. Benjamin (246 App. Div. 866) is not a case in point, inasmuch as the result there arrived at was after a trial of the issues involved. The case, however, does recognize that the defendants, upon the trial of the action, are entitled to litigate the issue of fair consideration and the solvency of the defendants. The Appellate Division in Cohen v. Benjamin (supra) held: 11 Upon proof by the plaintiff that the conveyance was made for an inadequate consideration at the time when the grantor was indebted to other creditors, the transfer was presumptively fraudulent and the burden was then cast upon the defendant of going forward to establish that her husband was solvent at the time of the transfer.”
The court, therefore, denies the motion of the plaintiff at this time on the ground that there are triable issues of fact involved that cannot be disposed summarily by motion.
Accordingly, the plaintiff’s motion in both of the above-entitled actions is hereby denied.