William A. Walsh, Jr., J.
In this action, a dentist sues for the value of orthodontic services provided for defendant’s two minor children. Also, it is alleged, a $500 check given to *648 plaintiff in partial payment for professional services rendered was returned unpaid and marked "insufficient funds”.
In May, 1971, plaintiff treated one of defendant’s minor children. This orthodontic treatment lasted until December, 1973. Plaintiff’s fee for his services amounted to $1,800. Defendant paid $800 in 1971 and 1972, leaving a balance due of $1,000.
Another minor child of defendant required orthodontia. Treatment commenced in February, 1973. The fee for services performed amounted to $1,050. Defendant’s husband paid $300 of this bill by check dated July 9, 1973.
On or about February 10, 1974, defendant delivered to plaintiff a check in the amount of $500 in partial payment of the outstanding bill. Payment of the check was refused for insufficient funds.
Defendant was divorced from her husband, Frank J. Crimmins, by judgment dated February 4, 1975. They had separated sometime before that date.
By letter addressed to defendant’s former husband, and dated February 28, 1974, plaintiff acknowledged an agreement by Mr. Crimmins to pay $200 a month on account of dental services rendered the children until $1,375 had been paid.
Thereafter, Mr. Crimmins paid $200 by check dated March 14, 1974, and $200 by check dated May 2, 1974. As of August 31, 1974, the balance remaining to be paid amounted to $1,000 for one child and $350 for the other child.
Mr. Crimmins filed a petition in bankruptcy in the United States District Court for the Southern District of New York on or about August 27, 1974. Plaintiff’s claim for services rendered was scheduled therein in the amount of $1,225, the amount due plaintiff as of July 24, 1974. Plaintiff filed a claim against Mr. Crimmins in that proceeding, on October 21, 1974, alleging that Mr. Crimmins owed him $1,350 "for professional (dental) services rendered by the claimant to Karen Crimmins and Mary Beth Crimmins, minor dependent children of the above-named bankrupt, which professional services were performed”.
On August 27, 1974, Frank J. Crimmins was discharged as bankrupt. Notice of such discharge was dated January 27, 1975.
A discharge in bankruptcy does not relieve a bankrupt from his obligation to pay alimony or for the maintenance or *649 support of his wife or children (US Code, tit 11, § 35). However, that provision covers only the liability of a husband and father for the support of his wife and children and does not include his liability to third parties for necessaries supplied to those dependents (Selner v Fromm, 145 Ind App 378; Matter of Lo Grasso, 23 F Supp 340). Consequently, any debt owed by Mr. Crimmins to plaintiff was discharged.
A discharge in bankruptcy is personal in nature and operates only to discharge the bankrupt. The liability of a codebtor, guarantor or surety is not affected by such discharge. (US Code, tit 11, § 34; Mattone v Illinois Surety Co., 123 NYS 236; Collier, Bankruptcy, [14th ed], § 16.08).
A father is primarily liable for the support of his children. A mother, however, is secondarily liable if the father is dead, cannot be found or is incapable of support (Domestic Relations Law, § 32, subds 2, 3; Family Ct Act, §§ 413, 414; Siegel v Hodges, 15 AD2d 571).
Upon the discharge in bankruptcy of defendant’s former husband, defendant became secondarily liable for necessaries furnished her children by third parties unable to enforce their claims against the bankrupt.
Plaintiff is entitled to judgment against defendant in the amount of $1,350, with interest from May 2, 1974. He is awarded judgment on his cause of action relating to the dishonored $500 check, with interest from February 10, 1974. However, plaintiff’s total recovery may not exceed $1,350 plus appropriate interest.
Defendant, if she is so advised, may pursue any remedies she may have against her former husband with respect to the debt herein involved.