**Stephen J. ORBACH, as Trustee of Paul D. Pappa, Bankrupt, Plaintiff,**

v.

**Mary PAPPA, Defendant.**

**No. 79 CIV 1922 (LBS).**

United States District Court,
S. D. New York.

Oct. 29, 1979.

Stanley H. Cembalest, New York City, for plaintiff.

Governali, O'Rourke & LoCascio, Andrew O'Rourke, White Plains, N.Y., for defendant.

## OPINION

SAND, District Judge.

This is an action by the Trustee in Bankruptcy of Paul D. Pappa,[1] to set aside as fraudulent a conveyance by the bankrupt to his wife, the defendant, of their residence which was originally held as a tenancy by the entirety.[2] Plaintiff also seeks to have this Court declare that the alleged fraudulent conveyance terminated the tenancy by the entirety and converted the Pappas' interest in said property to a tenancy in common, or joint tenancy. The Court finds that the conveyance at issue herein was fraudulent, and that the transfer was thus null and void as . against the Trustee in Bankruptcy. However, the Court rejects the Trustee's claim that the attempted transfer transforms the ownership of said property from a tenancy by the entirety to a tenancy in common or joint tenancy. Consequently, the Trustee is limited to the relief available to a creditor against a debtor's interest in property held by the entirety. The discussion that follows constitutes our findings of fact and conclusions of law pursuant to F.R.Civ.P. 52.

The Trustee's claim is predicated upon § 70(e) of the Bankruptcy Act, 11 U.S.C. § 110(e), which provides in pertinent part:

"(e)(1) A transfer made . . . by a debtor adjudged a bankrupt . . . which, under any Federal or State law applicable thereto, is fraudulent as

---

1. On January 19, 1979, Paul D. Pappa filed a petition in bankruptcy in the United States District Court for the Southern District of New York and was adjudicated a bankrupt as of that date. A trustee was duly appointed on or about February 14, 1979.

2. The quitclaim deed conveying title in the real property was dated September 17, 1976; although the date of execution is disputed, the deed was recorded in the Office of the City Register, Bronx County, on January 24, 1977.

against or voidable for any other reason by any creditor of the debtor having a claim provable under this title, shall be null and void as against the trustee of such debtor.

(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate . . . The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against who[m]ever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws."

■ The elements of the cause of action to which a trustee becomes subrogated under § 70 are determined not by the Bankruptcy Act, but by state law or federal law other than the Act. *Buchman v. American Foam Rubber*, 250 F.Supp. 60 (S.D.N.Y. 1965). Plaintiff claims that the transfer was in violation of Article 10 of the Debtor and Creditor Law of the State of New York.[3] Section 273 of that Article provides:

"Every conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent as to the creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

■ From the evidence presented at trial, the conclusion is inescapable and the Court finds that the conveyance involved herein did render the bankrupt insolvent under the state law.[4] The significant factual issue at trial concerned the existence of fair consideration to support the transaction, which if established, would validate the transfer despite insolvency.

Fair consideration is defined by state statute:[5]

"Fair consideration is given for property, or obligation,

(a) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

(b) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained."

What constitutes fair consideration under this section must be determined upon the facts and circumstances of each particular case. *Halsey v. Winant*, 258 N.Y. 512, 523, 180 N.E. 253, 256, *cert. denied*, 287 U.S. 620, 53 S.Ct. 20, 77 L.Ed. 539 (1932). In an intrafamily transaction, it is well-settled that a heavier burden is placed on the grantee to establish fair consideration for the transfer. *Liggio v. Liggio*, 53 A.D.2d 543, 385 N.Y.S.2d 33 (1st Dept. 1976).

The evidence adduced at trial demonstrated that the defendant procured a two thousand dollar loan from Chemical Bank, allegedly to pay debts and living expenses that her husband would otherwise be obligated to pay. There is no indication, however, of any agreement between the defendant and her spouse requiring him to repay the loan. Defendant also claims that her mother and family voluntarily advanced

---

**3.** New York Debtor and Creditor Law, McKinney's Consolidated Laws, C12, §§ 270–281.

**4.** § 271 provides in part:

"(1) A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

At the time of the conveyance, the bankrupt was indebted to Sim Associates, in the sum of

$30,000. The evidence establishes that his only assets were his interest in the house, a bank account with $35, and his evidently worthless stock in Ecclesiastical Metalcraft Corp. Thus, after the conveyance, he remained indebted for $30,000, while his assets amounted to $35, rendering the bankrupt insolvent within the meaning of the statute.

**5.** New York Debtor and Creditor Law, McKinney's Consolidated Laws, C12, § 272.

between five and six thousand dollars for the Pappas' living expenses, but it is unclear whether the money was advanced prior to the conveyance, or if either of the Pappas was obligated to repay.

■ Although a promise of future support is not fair consideration within the meaning of the statute, *see Petition of National City Bank of New York*, 269 A.D. 1040, 58 N.Y.S.2d 620 (2d Dept. 1945), antecedent debt is fair consideration and is sufficient to validate the transfer even if the debt arises out of the husband's obligation of support. *Vinlis Construction Co. v. Roreck*, 67 Misc.2d 942, 325 N.Y.S.2d 457 (Sup.Ct. Nassau Co. 1971); *aff'd*, 43 A.D.2d 911, 351 N.Y.S.2d 648, *mot. for lv. to app. dsmd. in part and den. in part*; 35 N.Y.2d 715, 361 N.Y.S.2d 645, 320 N.E.2d 277 (1974).

■ It is alleged here that certain monies were advanced by the defendant prior to the time of the conveyance. However, even if the monies advanced by the wife to the husband created an antecedent debt, the maximum amount allegedly advanced prior to the conveyance was eight thousand dollars. The value of the residence conveyed was approximately one hundred thousand dollars. It therefore cannot be said that the property conveyed was "the fair equivalent" of satisfaction of the antecedent debt. Moreover, the requirement of Section 272 that the consideration be a fair equivalent for the property transferred suggests that in order to satisfy the statute, the consideration must be such that the bankrupt's estate is not depleted as a result of the transfer. *Seligson v. New York Produce Exchange*, 394 F.Supp. 125 (S.D.N.Y. 1975). In this case, as previously noted, the bankrupt's only significant asset prior to the transfer was his interest in the residence. Subsequent to the transfer, the bankrupt's estate was completely depleted with an outstanding liability of $30,000 on the debt to Sim Associates.

Because the conveyance was made without fair consideration by the bankrupt, who was rendered insolvent thereby, the conveyance is deemed fraudulent as to the bankrupt's creditor, and may be set aside by the Trustee in Bankruptcy.

The Trustee argues that the fraudulent conveyance terminated the tenancy by the entirety between the bankrupt and the defendant and converted the ownership of said real property to that of a joint tenancy or tenancy in common. Plaintiff cites no authority for this proposition, and the Court's own research has not revealed any such authority. Indeed, the law in New York appears to be to the contrary.

■ In *Hohenrath v. Wallach*, 37 A.D.2d 248, 323 N.Y.S.2d 560 (2d Dept. 1971), *app. dismd.* 30 N.Y.2d 674, 332 N.Y.S.2d 106, 282 N.E.2d 891 (1972), a husband conveyed his interest in a parcel owned by the entirety to his wife immediately after a judgment against him was docketed. The court found the conveyance fraudulent under Section 273–a of the New York Debtor and Creditor Law, and thus void as to judgment creditors. The court noted that the parties continued as tenants by the entirety until their divorce, which of course converted their interests in the property to those of tenants in common.[6] *See also, Capizzi v.*

---

**6.** The existence of a tenancy by the entirety depends upon the continuance of the marital relation; when that relation terminates, the character of the estate changes, and the original estate ceases to exist. *Stelz v. Shreck*, 128 N.Y. 263, 28 N.E. 510 (1891). A tenancy by the entirety is also terminated when the husband and wife sell the property to a third party, *Secrist v. Secrist*, 284 A.D. 331, 132 N.Y.S.2d 412, *aff'd* 308 N.Y. 750, 125 N.E.2d 107 (4th Dept. 1954) or by agreement of the husband and wife, *Vickers v. Vickers*, 156 Misc. 724, 282 N.Y.S. 422 (Sup.Ct. Niagara Co. 1935). In addition, equity will intercede to destroy the right

of survivorship in a tenant by the entirety who murders the other tenant. *VanAlstyne v. Tuffy*, 103 Misc. 455, 169 N.Y.S. 173 (Sup.Ct. Monroe Co. 1918). This doctrine is governed by the principle that no person shall be permitted to profit by his own fraud or to take advantage of his own wrong or to acquire property by his own crime. *VanAlstyne v. Tuffy, id.*

Although plaintiff has not clearly raised this doctrine, the Court considers it briefly here because plaintiff has alleged fraud in his complaint. We note at the outset that plaintiff has pointed to no case in which the doctrine has been applied to a *transfer* of a tenancy by the

*Khoury,* 168 Misc. 490, 5 N.Y.S.2d 201 (2d Dept. 1938), where the court suggested that a fraudulent conveyance from a husband to a wife of an estate by the entirety would not destroy the incidents of the tenancy by the entirety.

The case law in the area, albeit sparse, compels the conclusion that the fraudulent conveyance did not convert the Pappas' interest in their residence into a tenancy in common or joint tenancy. However, the Trustee, as a creditor of the bankrupt, is entitled to just and proper relief as against the debtor's interest in the property held by the entirety.[7]

The plaintiff also seeks reasonable attorney's fees pursuant to Section 276–a Debtor and Creditor Law. However, the lack of actual fraudulent intent on the part of the bankrupt and the defendant[8] precludes recovery of such fees. *See Everite Trading Corp. v. Wanpress Realty Corp., et al.,* 178 Misc. 503, 34 N.Y.S.2d 856 (1942), *aff'd* 268 App.Div. 852, 50 N.Y.S.2d 683 (1st Dept. 1944). Assessment of attorney's fees is therefore denied.

Settle order on notice.

entirety. In any case, the Court concludes that plaintiff failed to prove actual intent to defraud at trial.

Under § 273 of the Debtor and Creditor Law, a transfer by an insolvent is fraudulent irrespective of actual intent. *Feist v. Druckerman,* 70 F.2d 333 (2d Cir. 1934). Although the complaint alleged actual intent to defraud the bankrupt's creditors, plaintiff has failed to prove fraud. The delay in recording the deed might support an inference that the bankrupt intended that the conveyance not become effective unless his financial difficulties became over-

whelming. *See, e. g., Glanzberg v. Goldston,* 28 Misc.2d 742, 213 N.Y.S.2d 518 (Queens County 1961). The delay alone, however, is not sufficient proof of actual fraud.

7. For example, it appears that one room in the premises is rented for storage purposes at $100. per month. The Trustee would be entitled to an interest in the bankrupt's portion of the rental income.

8. *See* note 6, *supra.*