RUTH H. WEISMAN, TRANSFEREE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weisman v. Commissioner
Docket No. 7548-81.
United States Tax Court
T.C. Memo 1984-77; 1984 Tax Ct. Memo LEXIS 593; 47 T.C.M. (CCH) 1110; T.C.M. (RIA) 84077; February 16, 1984. John F. Papsidero, for the petitioner. Ruth E. Salek, for the respondent. FAY
MEMORANDUM OPINION *594 FAY, Judge: Respondent determined that petitioner was liable as a transferee of Ephraim L. Weisman for deficiencies in Federal income tax, additions to tax for fraud under section 6653(b), [1] and additions to tax for failure to pay estimated tax under section 6654 in the total amount of $40,167.64 plus interest. [2] The only issue is whether petitioner is liable as a transferee of certain assets she received from her husband. The facts have been fully stipulated and are so found. Petitioner, Ruth H. Weisman, resided in Syracuse, New York, when the petition was filed herein. Petitioner married Ephraim L. Weisman (Mr. Weisman) on June 17, 1962. On *595 April 8, 1974, they entered into a marital separation agreement (herein the agreement). Pursuant to the agreement, Mr. Weisman assigned and transferred to petitioner several mortgages and parcels of real property (herein the assets) in satisfaction of any of petitioner's rights of support and interests in Mr. Weisman's estate. The value of the assets was greater than Mr. Weisman's liability to respondent, and Mr. Weisman was rendered insolvent by this transfer to petitioner. As of March 3, 1981, when respondent issued a notice of transferee liability to petitioner, Mr. Weisman was liable to respondent for the total amount stated in respondent's notice of transferee liability. Mr. Weisman, however, filed a petition for voluntary bankruptcy in the United States Bankruptcy Court for the Northern District of New York on October 22, 1981, and was thereafter granted a discharge in bankruptcy on January 27, 1982. In his notice of deficiency, respondent determined that petitioner was liable for Mr. Weisman's deficiency as a transferee of the assets. The only issue herein is whether petitioner is liable as a transferee of the assets. Section 6901(a) provides that when there has *596 been a transfer of property, the liability of the transferee for the taxes of the transferor may be assessed, paid, and collected in the same manner as the taxes with respect to which the liability was incurred. This section, however, merely provides a procedure by which the Commissioner may collect taxes. The existence and extent of the liability of a transferee of property is a question of State law. Commissioner v. Stern,357 U.S. 39, 42-45 (1958); Scott v. Commissioner,70 T.C. 71, 79 (1978). Respondent has the burden of proving all the elements necessary to establish the petitioner's liability as a transferee. Sec. 6902(a); Rule 142(d). Pursuant to New York Debtor and Creditor Law, [3] a transfer made by a person who is or will be rendered insolvent is fraudulent as to the creditors without regard to his actual intent if the transfer is made without fair consideration. N.Y. Debtor & Creditor Law, sec. 273 (McKinney 1945). Since it was stipulated that Mr. Weisman was rendered insolvent by the transfer to petitioner, the question of whether the transfer was fraudulent depends solely on whether the transfer was made without *597 fair consideration. Although fair consideration is defined by State statute, [4] what constitutes fair consideration must be determined by the facts and circumstances of each particular case. Orbach v. Pappa,482 F. Supp. 117, 119 (S.D.N.Y. 1979); Vinlis Construction Co. v. Roreck,325 N.Y.S.2d 457, 462 (1971), affd. 351 N.Y.S.2d 648 (1974). *598 Petitioner argues that fair consideration for the assets was both her relinquishment of all obligations of future support and any interest in Mr. Weisman's estate. Respondent agrees that petitioner received the assets from Mr. Weisman in satisfaction of all obligations of future support, but he contends that it does not constitute fair consideration. Under New York law, although an antecedent debt is fair consideration even if the debt arises out of the husband's obligation of support, a promise of future support is not fair consideration. Orbach v. Pappa,482 F. Supp. at 120. Thus, we agree with respondent that petitioner's relinquishment of all obligations of future support is not fair consideration. Furthermore, petitioner's relinquishment of her interest in Mr. Weisman's estate is not fair consideration under New York law because Mr. Weisman was insolvent immediately after the transfer and, therefore, petitioner gave up a valueless interest for the assets. See N.Y. Debtor & Creditor Law, sec. 272 (McKinney 1945). Thus, we find the assets were transferred to petitioner without fair consideration and since Mr. Weisman was insolvent immediately *599 after the transfer, the transfer was a fraudulent conveyance under New York law. Petitioner's final argument [5] centers on the fact that Mr. Weisman's Federal income tax liability for 1965, 1966, 1967, and 1968 was discharged on January 27, 1982, when his petition for voluntary bankruptcy was granted. Petitioner's contention is that she cannot be liable as a transferee because Mr. Weisman has been released from his liability. Respondent argues that Mr. Weisman's liability to respondent has not been extinguished by his discharge in bankruptcy. For the following reasons, we hold for respondent. This Court has held that it does not have jurisdiction to decide whether a taxpayer's income tax deficiencies and additions to tax are discharged in a bankruptcy proceeding. Graham v. Commissioner,75 T.C. 389, 399 (1980). The question herein, however, is whether a transferor's discharge in bankruptcy extinguishes the underlying liability so as to absolve a transferee of liability. This remains a question of State law. See Commissioner v. Stern,supra. *600 A discharge in bankruptcy is personal in nature operating only to discharge the bankrupt party, and it does not deprive a creditor of a right of action against third persons. Kanter v. Crimmins,385 N.Y.S.2d 935 (1976); Mattone v. Illinois Surety Co.,123 N.Y.S. 236 (1910); First National City Bank v. Kline,439 F. Supp. 726 (S.D.N.Y. 1977). Thus, pursuant to New York law, Mr. Weisman's discharge in bankruptcy had no effect on petitioner's liability as a transferee. Accordingly, since the transfer of the assets to petitioner was not for fair consideration and rendered Mr. Weisman insolvent, we hold that the transfer was fraudulent and petitioner is therefore liable as a transferee. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The $40,167.64 consists of the following: ↩
Sec. 6653(b)
Sec. 6654
Year
Deficiency
Addition to Tax
Addition to Tax
1965
$4,960.22
$2,480.11
$158.72
1966
1,503.71
751.85
48.10
1967
2,767.30
1,383.65
88.54
1968
17,003.02
8,501.50
520.92
Totals
$26,234.25
$13,117.11
$816.28
3. Since petitioner and Mr. Weisman lived in New York and all agreements were entered into and concerned property located in New York, the law of the State of New York is applicable herein. ↩
4. New York Debtor and Creditor Law defines "fair consideration" as follows: Fair consideration is given for property or obligation, a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained. [N.Y. Debtor & Creditor Law, sec. 272↩ (McKinney (1945).]
5. Petitioner has not presented any other arguments with respect to her liability as a transferee.↩