BYE A. HOPKINS and Another, as Copartners, Doing Business under the Firm Name and Style of B. A. HOPKINS' SONS, Plaintiffs, v. GLEN H. TINKLEPAUGH and Others, Defendants.

Supreme Court, Wayne County, January 2, 1931.

*Wile, Oviatt & Gilman,* for the plaintiffs.

*Bowman & Van Schaick,* for the defendant Tinklepaugh.

CUNNINGHAM, J. On September 27, 1923, the defendant Tinklepaugh entered into a contract with the defendants Stark, in which Tinklepaugh agreed to sell and the Starks agreed to purchase a

farm in the town of Sodus for the sum of $25,000. The vendees made the first payment amounting to the sum of $5,506.40, and in February, 1924, went into possession of the farm. They made no further payments upon the principal but did make payments of interest amounting to $3,224. The vendees thereby acquired an interest in the real property described in the contract. (*Elterman* v. *Hyman*, 192 N. Y. 113, 125.)

The vendees "went into possession of the premises  *  *  * as their equitable owner and entitled to their beneficial enjoyment." (*Sewell* v. *Underhill*, 197 N. Y. 168, 172.)

The vendees contracted numerous debts and became insolvent. They were unable to make the payments on the principal as they became due. They asked the vendor to take the farm back and on July 11, 1927, Tinklepaugh and the Starks executed an instrument in which the Starks released to Tinklepaugh all of their interest in the farm and Tinklepaugh released the Starks from further liability upon the contract.

The plaintiffs, who are judgment creditors of George M. Stark and Howard G. Stark, now seek to reach their interest in the farm and claim that the reconveyance to the vendor is invalid as against creditors.

The defendant Tinklepaugh acted in good faith in acquiring the vendees' interest in the farm. He still had a considerable interest in it which he sought to protect by taking possession of it. A crop of fruit which was reaching maturity on the lands was afterwards sold for about $7,000, and Tinklepaugh, after paying expenses of harvesting, realized therefrom about $4,000. It was necessary that this fruit be protected and harvested. It was also requisite that the trees be trimmed and the lands cultivated for the next year's crops. Under such circumstances the vendor consented to take back the farm.

In July, 1927, when the vendor acquired the interest of the vendees in the lands, there was due and unpaid upon the principal of the contract the sum of $4,500 and some interest. The defendant Tinklepaugh claims that as the vendees were in default he had the right to take possession of the property. He further claims that having exercised this right the interest of the vendees is terminated and that, therefore, the creditors of the vendees have no recourse against the lands. Of course, if the defendant be correct in this contention, then a vendor who has been paid all but $100 upon a $25,000 land contract, upon the failure of the vendee to pay the $100 balance, could take possession of the realty to the exclusion of the creditors of the vendee. This illustration shows the fallacy of defendant's argument. Judgment creditors of

a vendee having an interest in real property under a land contract may have recourse to such interest for the satisfaction of their judgment. (Civ. Prac. Act, § 1192.)

A transfer or release of an interest in property made by a person who is insolvent is invalid as to creditors if made without a fair consideration. (Debtor & Creditor Law, §§ 270–273, added by Laws of 1925, chap. 254.)

The satisfaction of an antecedent debt is fair consideration when the amount of the debt is a " fair equivalent " of the value of the property conveyed or " not disproportionately small as compared with the value of the property." (Debtor & Creditor Law, § 272.)

So the question now to be determined in this case is whether Tinklepaugh gave fair value for the interest of the vendees which he acquired by the release of July 11, 1927.

The farm, at that time, considering the crop approaching maturity upon it, was reasonably worth the sum of $23,000. There was still owing upon the contract the principal sum of $19,493.60 and $621.61 interest, a total of $20,115.21. The interest of the vendees in the farm at that time was $2,884.79. The interest of the vendees who are judgment debtors of the plaintiffs was one-half of that sum, or $1,442.40. Cancellation of the antecedent debt by the defendant Tinklepaugh was not fair consideration for the interest he acquired in the lands from the vendees.

As Tinklepaugh has sold the land to an innocent purchaser, who is not a party to this action, for value, he must account for the value of the interest of the vendees, who are judgment debtors of the plaintiffs.

Judgment in favor of the plaintiffs, with costs.