John C. Marbach, J.
In companion motions, plaintiff seeks summary judgment pursuant to CPLR 3212 or, in the alternative, for leave to examine defendants as to a transfer of real *451 property alleged to constitute a fraudulent conveyance under section 273-a of the Debtor and Creditor Daw.
Defendants, Bugen Levy and Lea Levy, on October 21, 1971, conveyed by bargain and sale deed certain real property located in the Town of Ramapo to defendant, Bugen Levy Heating and Plumbing Co., Inc. The deed indicates that there were no New York State revenue stamps attached and no transfer tax due. The deed was recorded in the office of the Rockland County Clerk on October 21, 1971.
A judgment was obtained by plaintiff against Bugen Levy on October 1, 1971. At the time of the conveyance, Bugen Levy and Lea Levy, along with plaintiff, were defendants in an action by the Town of Haverstraw in which action summary judgment on November 18, 1971, was granted to the Town of Haverstraw and judgment over was granted to plaintiff herein against the Levys. A hearing for an assessment of damages was held and judgment entered accordingly on December 15, 1971.
Plaintiff herein, on its motion for summary judgment, seeks to have the conveyance of October 21, 1971, set aside as fraudulent under section 273-a of the Debtor and Creditor Law.
Section 273-a declares a conveyance to be fraudulent where (1) it is made without fair consideration, (2) by a person who is a defendant in an action for money damages or a judgment in such action has been docketed against him; and (3) if, after final judgment for the plaintiff in that action the defendant fails to satisfy the judgment. If these facts are established, the conveyance is deemed fraudulent without regard to the actual intent of the defendant.
Plaintiff’s assertion in its complaint and moving papers that defendant, Bugen Levy Plumbing and Heating Corp., had not paid any consideration thrust upon defendants the burden of disclosing the nature of the consideration, if any, given by the, transferee (Neilson v. Sal Martorano, Inc., 36 A D 2d 625 [2d Dept., 1971]). That disclosure is not made nor is plaintiff’s assertion of lack of fair consideration controverted.
It is clear that an action was pending against the Levys at the time the conveyance was made and that plaintiff obtained a final judgment against them.
The remaining issue is that of failure to satisfy the judgment. Defendants contend that the conveyance did not render them insolvent, which the plaintiff must establish, and that there are ample assets available in the hands of a codefendant in *452 that action out of which the judgment arose to satisfy the judgment.
Defendants also contend that the property is still within their control because they are the principals of the transferee corporation and that the reason the conveyance was made was to establish a credit position for that corporation.
The Advisory Committee on Practice and Procedure, in recommending that this new section be added to the Debtor and Creditor Law, stated the basis for its recommendations as follows (Third Preliminary Report [N. Y. Legis. Doc., 1959, No. 17], p. 288): “In addition to provisional remedies which may be available, the advisory committee recommends that creditors have a further remedy to discourage a defendant from fraudulently disposing of assets in contemplation of an adverse judgment while an action is still pending.” * * *
“ Even if the gift was made without intent to defraud and if the judgment debtor was not rendered insolvent thereby and is not insolvent after judgment but simply chooses not to satisfy it, there is nevertheless no reason for requiring the judgment creditor to pursue him rather than a gratuitous recipient of the debtor’s assets.”
From this, it is evident that the question of insolvency is irrelevant to the considerations at hand.
However, the question arises as to what the plaintiff must show to establish that the judgment is unsatisfied. Must an execution be issued and returned unsatisfied 1 Plaintiff asserts only that defendants, Eugen Levy and Lea Levy, are aware of the judgment “ but have not satisfied same ”.
The statute only requires that defendant “ fail to satisfy the judgment ’ ’. A showing of defendants ’ failure to pay the judgment when entered is sufficient to entitle relief to plaintiff under section 273-a without having to resort to enforcement proceedings. This interpretation is reinforced by the language in the comments wherein they sanction relief under the section even if defendant “simply chooses not to satisfy it”. It is also consistent with the committee’s intent to ‘ ‘ discourage ’ ’ a defendant from disposing of assets in contemplation of an adverse judgment.
Furthermore, defendants freely admit that their intent in so conveying was to hold this property out for the purpose of establishing a credit position for the transferee corporation. This court will not permit a conveyance, which at the very least, is tainted with fraud, to be used to entice other unsuspecting creditors to part with their money.
*453 Summary judgment to set aside the conveyance is granted together with costs and disbursements of this action. In view of the result reached, plaintiff’s motion for examinations becomes moot.
Submit judgment on notice.