■ DONALD MERMAN, an Infant, by His Mother DIANE MERMAN, et al., Appellants, v HARRY MILLER, JR., et al., Respondents. — In an action to set aside a conveyance as fraudulent against the plaintiff creditors, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Geiler, J.), dated May 8, 1980, which denied their motion for summary judgment on their cause of action predicated upon section 273-a of the Debtor and Creditor Law. Order reversed, on the law, with $50 costs and disbursements, motion for summary judgment on the plaintiffs' second cause of action granted, and the other causes of action are severed. On June 12, 1973 plaintiffs commenced a negligence action against defendant Harry Miller. On June 3, 1975, while the action was pending, Miller and his wife, the current codefendant Virginia Miller, as tenants by the entirety, conveyed title to their home to Virginia Miller. On or about January 21, 1980, after they had obtained a judgment against Harry Miller in the negligence action, the plaintiffs commenced the present action against both Millers to set aside the conveyance to Virginia Miller as fraudulent against plaintiffs. After receipt of defendants' joint answer, plaintiffs moved for summary judgment on their second cause of action which was predicated upon section 273-a of the Debtor and Creditor Law. That section declares: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." The motion was denied and the sole issue on this appeal is whether the defendants succeeded in creating a triable issue of fact regarding the existence of "fair consideration" (see Debtor and Creditor Law, § 272) for the conveyance of the property to Virginia Miller. In their moving papers, plaintiffs produced a copy of the deed for the conveyance in question which contained a margin notation of "No consideration paid" and upon which no real estate transfer tax had been paid. Against this evidence, defendant Virginia Miller submitted an affidavit which, in conclusory form, recited that the defendants — who are still married — were in the throes of marital strife prior to June, 1975 and that Harry Miller

left home in mid-May only to return at the end of May with an offer to transfer his interest in the marital real property against any claim which Virginia "might have had at the time" for alimony, child support and against Harry's property. Harry Miller submitted no affidavit in opposition to the motion. In our view, Virginia Miller's affidavit failed to create a genuine issue of fact which would require a plenary trial. In order to defeat the plaintiffs' motion for summary judgment, the defendants were obligated to disclose evidentiary facts sufficient to raise triable fact issues and not merely to recite conclusions of fact or law (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285; *Lincoln First Bank of Rochester v Siegel*, 60 AD2d 270; *Rosenberg v Del-Mar Div., Champion Int. Corp.*, 56 AD2d 576). The current papers reveal nothing regarding the defendants' family and financial circumstances, the nature of the marital difficulties, the value of Harry's share in the property in question, or the nature and amount of Virginia's potential claims against Harry's property which were allegedly waived. Furthermore, no explanation is offered for the failure of Harry to submit an affidavit in opposition to the motion. Because of his role in the transaction in question and his position as a codefendant, his failure to submit an affidavit and Virginia's failure to offer an explanation for its absence permits the drawing of an inference against both of them (see *Noce v Kaufman*, 2 NY2d 347). Finally, the purported waiver of alimony and child support in consideration of the conveyance was in violation of section 5-311 of the General Obligations Law, as it existed at the date of the transaction, and further violated the general rule prohibiting lump-sum settlements (see *Henderson v Henderson*, 47 AD2d 801, app dsmd 37 NY2d 782). Because the purported agreement was void as to its waiver of future claims of support, it was incumbent upon defendants to show that the conveyance was fair consideration for the extinguishment of Harry's antecedent liability for alimony and child support, which at the time of conveyance could only have been for his prior two-week absence. The defendants' complete failure to come forward with any evidentiary data concerning the transaction complained of warrants that the plaintiffs' motion for summary judgment be granted. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.