OPINION OF THE COURT
Stanley Harwood, J.
This is an action brought pursuant to article 10 of the Debtor and Creditor Law, to set aside allegedly fraudulent conveyances by defendant and judgment debtor David Schoenberg. Plaintiff, father of David Schoenberg, has also joined as defendants Silvia Schoenberg, wife of David, and Sydelle Schoenberg, mother of David. In his pleadings, plaintiff alleges, inter alla, the conveyances were made with actual intent to defraud or delay, and with knowledge on the part of defendants Silvia and Sydelle. Defendants by their answer have entered a denial. Plaintiff now moves for *357 summary judgment and in addition to setting aside the conveyances, seeks relief pursuant to section 276-a of the Debtor and Creditor Law which provides in pertinent part: “In an action * * * brought by a creditor * * * to set aside a conveyance by a debtor, where such conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinct from intent presumed in law, to hinder, delay or defraud either present or future creditors, in which action or special proceeding the creditor * * * shall recover judgment, the justice * * * presiding at the trial shall fix the reasonable attorney’s fees of the creditor * * * in such action * * * and the creditor * * * shall have judgment therefor against the debtor and the transferee who are defendants in addition to the other relief granted by the judgment.”
The undisputed facts are as follows: By memorandum decision dated November 26, 1980, this court, after a full trial, determined that defendant David Schoenberg was liable to plaintiff in the amount of $14,765.79. Judgment was granted December 17, 1980 and entered on December 26,1980. On December 16,1980, defendant David Schoenberg transferred title to certain real property, used as the marital residence by him and and his wife, from himself to himselfiand his wife, and then on December 17,1980, from himself and his wife to his wife alone. There was no monetary consideration for these transfers. Also in mid-December, 1980, defendant David Schoenberg traded in his 1979 Mercedes Benz automobile, valued at $26,000, for $10,000 in cash and for a Datsun 280Z valued at $16,000. Title to the Datsun was put in the name of defendant Sydelle Schoenberg, but is used by all three defendants and garaged at the marital residence of defendants David and Silvia Schoenberg.
Plaintiff subsequently commenced enforcement proceedings under CPLR article 52. Pursuant to an income execution, the County Sheriff has been collecting approximately $320 per month. On April 23, 1981 the Sheriff served a demand for payment, which was returned as “unsatisfied”.
In opposition to plaintiff’s motion, defendants assert through counsel that the intent of the parties, defendant David Schoenberg’s solvency and whether or not there was *358 consideration for the transfers, present triable issues of fact mandating the denial of the motion. The defendants, in their collective affidavits, assert only that the house was transferred from defendant David Schoenberg to himself and Silvia and then to Silvia, in essence in order to “placate” Silvia because the parties were living in New York rather than in Silvia’s preferred State of New Mexico. The deposition of defendant David Schoenberg as judgment debtor makes clear that, at best, this transfer was a gift. Regarding the transfer of the automobile, defendant David Schoenberg states in his affidavit that title to the Datsun was put in his mother’s name because “I felt an obligation to my mother because of various financial assistance she had given me in the past. When the automobile that I ordered was delivered, I therefore gave it to my mother.” Sydelle Schoenberg states in her affidavit that “I agreed to forgive the $8,000.00 debt that my son owed me ($4,000.00 for attorneys’ fees I paid to defend his father’s action against him and $4,000.00 in prior loans) in consideration for the automobile”. None of the affidavits contains a denial of fraudulent intent. The thrust of defendants’ opposition is that there is no allegation or proof that defendant David Schoenberg is insolvent and defendants rely on section 273 of the Debtor and Creditor Law (conveyances by an insolvent). That reliance, however, is misplaced. Section 273-a of the Debtor and Creditor Law provides: “Every conveyance made without fair consideration when the person is making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.”
Under section 273-a only three elements must be shown: (1) that the conveyance was made without fair consideration; (2) that the conveyor is a defendant in an action for money damages or that a judgment in such action has been docketed against him, and (3) that defendant has failed to satisfy the judgment (Republic Ins. Co. v Levy, 69 Misc 2d 451). The questions of actual intent and insolvency are irrelevant.
*359 There is no dispute that defendant David Schoenberg was a defendant in an action for money damages, and later became a judgment debtor, during which time defendant made the transfers at issue. And although defendant claims he made offers to satisfy the judgment through partial cash payments and mortgages, the judgment remains unsatisfied. “A showing of defendant’s failure to pay the judgment when entered is sufficient to entitle relief to plaintiff under section 273-a”. (Republic Ins. Co. v Levy, supra, p 452.) Nor is plaintiff required to make an election between CPLR article 52 proceedings and those available under the Debtor and Creditor Law. (Cf. Plaza Hotel Assoc, v Wellington Assoc., 84 Misc 2d 777.)
As to the allegedly triable issue of consideration, defendant David Schoenberg in essence admits that the transfer of the marital premises to defendant Silvia Schoenberg was without consideration. (See Corbin v Litke, 105 Misc 2d 94.) Defendants David Schoenberg and Sydelle Schoenberg claim rather vaguely that the Datsun was put in defendant Sydelle Schoenberg’s name to satisfy an antecedent debt, which, in appropriate circumstances, constitutes fair consideration (see Debtor and Creditor Law, § 272, subd [a]). Here, however, the Datsun is valued at $16,000 and the debt as alleged by defendant Sydelle Schoenberg was only $8,000, and where the amount of the debt is “disproportionately small as compared with the value of the property” (Debtor and Creditor Law, § 272, subd [b]), no fair consideration has been given. (Cf. Hopkins v Tinklepaugh, 139 Misc 127, affd 234 App Div 728.)
The only remaining issue, normally one for trial, is plaintiff’s request for relief under section 276-a for attorneys’ fees. Actual intent, as distinguished from the intent presumed by section 273-a, is required before attorneys’ fees will be awarded (cf. Corbin v Litke, supra; Republic Ins. Co. v Levy, 69 Misc 2d 451, supra). Here, however, none of the defendants, in the factual affidavits submitted in opposition even generally deny that these transfers were made with intent to hinder delay or defraud the judgment creditor. Plaintiff’s moving papers assert fraud and collusion and defendants’ attorney alleges that the intent issue should be reserved for trial, but his affidavit will not defeat *360 the motion. (See South Bay Center v Butler, Herrick & Marshall, 43 Misc 2d 269.) Since defendants themselves make no reference to the issue of intent, the fact of actual fraud is deemed to be admitted. (Cf. Laye v Shepard, 48 Misc 2d 478, affd 25 AD2d 498.) Plaintiff is therefore entitled to summary judgment.
Submit judgment on notice. Plaintiff’s attorney shall serve and submit with the proposed judgment an affidavit of services for support of the award of attorneys’ fees to be included in the judgment.