■ CENTURY CENTER, LTD., Appellant, v ROBERT DAVIS et al., Respondents. — In an action by a judgment creditor pursuant to article 10 of the Debtor and Creditor Law, *inter alia,* to set aside as fraudulent a conveyance of real property by one of the judgment debtors to his wife and to recover damages, plaintiff appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated May 23, 1983, which denied its motion for summary judgment. ¶ Order reversed, on the law, with costs, plaintiff's motion for summary judgment granted to the extent that, pursuant to section 273-a of the Debtor and Creditor Law, the conveyance by Robert Davis to Carol E. Davis of his interest in the real property known as 7 Quail Road, Lloyd Harbor, New York, is set aside as fraudulent and invalid, and the complaint is otherwise dismissed. ¶ On or about October 19, 1981, plaintiff commenced an action against Robert Davis and others, to recover a sum of money. On or about April 13, 1982, while the action was pending, Robert Davis conveyed to his wife, Carol E. Davis, his interest in certain real property owned by them as tenants by the entirety. ¶ On July 1, 1982, a default judgment was entered in favor of the

plaintiff in the amount of $15,380 against Robert Davis and others. On February 11, 1983, after attempts to obtain satisfaction of the judgment had failed, plaintiff commenced the present action pursuant to sections 273-a, 276, 276-a and 278 of the Debtor and Creditor Law. Only Carol Davis answered the complaint. Thereafter, plaintiff moved for summary judgment against the defendants. The motion was denied, solely upon the ground that plaintiff would have had to prove actual intent to defraud in order to prevail on its request for attorney's fees, and the issue of actual fraud is one of fact which mandates a plenary trial (see Debtor and Creditor Law, § 276-a; *Falk v Goodman,* 7 NY2d 87, 91). ¶ On this appeal, plaintiff has abandoned its claim for attorney's fees and punitive damages, and thus the only issue considered here is whether defendant Carol E. Davis raised a triable issue of fact regarding the existence of "fair consideration" (see Debtor and Creditor Law, §§ 272, 273-a) for the conveyance of the property to her. ¶ In its moving papers, plaintiff produced a copy of the deed by which the conveyance in question was made. At the top of the deed appeared the notation "NO CONSIDERATION", and the real estate transfer tax stamp indicated that no tax was paid on the transfer. Against this evidence, defendant Carol Davis submitted an affidavit in which she stated that she instituted an action for divorce against her husband on January 7, 1983, that she and her husband had been separated for more than three years as of the date of her affidavit, and that during this time he had failed to pay her any maintenance or child support. She further stated, in conclusory form, that the conveyance was made pursuant to an alleged oral separation agreement and in consideration of her relinquishing her claim for immediate relief against her husband for an award of maintenance and child support. Robert Davis submitted no affidavit in opposition to the motion, apparently because he was in Florida. ¶ We find that the affidavit of Carol Davis failed to create a genuine issue of fact which would require a plenary trial. To defeat plaintiff's motion for summary judgment, it was incumbent upon defendant Carol E. Davis to disclose evidentiary facts sufficient to raise triable issues of fact. Conclusory averments of fact or law are insufficient (see *Merman v Miller,* 82 AD2d 826; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Carol Davis described the alleged oral separation agreement in only general terms. Her affidavit was silent as to the financial circumstances of herself and her husband, the value of her husband's share in the property in question, or the nature and amount of her potential claims against her husband's property which were allegedly waived (see *Merman v Miller, supra*). ¶ Moreover, it should be pointed out that the extent of the husband's antecedent liability for maintenance and child support could only have been minimal at best. It can be inferred from the affidavit of defendant Carol E. Davis' attorney, submitted in opposition to the motion for summary judgment, that the alleged oral agreement between Carol and Robert Davis was made in late March, 1982, or shortly thereafter. Since the conveyance was made on April 13, 1982, the amount of Robert Davis' antecedent debt to Carol Davis could not have been great, there being no indication in her affidavit to indicate the contrary (see *Merman v Miller, supra,* p 827; cf. *Safie v Safie,* 24 AD2d 502). ¶ Since defendant Carol E. Davis has failed to come forward with any triable issues of fact regarding the conveyance in question, plaintiff's motion for summary judgment is granted to the extent indicated. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.