■ SMALL & LANDESMAN, Respondent, v HARRY BARONICK et al., Appellants.—In an action by a judgment creditor pursuant to Debtor and Creditor Law article 10, *inter alia*, to set aside as fraudulent a conveyance of real property, the defendants appeal from (1) so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated February 10, 1987, as granted that branch of the plaintiff's motion which was for partial summary judgment declaring the conveyance fraudulent and granted its motion for leave to amend its complaint to add a cause of action for an accounting, and (2) from so much of an order of the same court, dated November 18, 1987, as denied stated portions of their motion for reargument.

Ordered that the order dated February 10, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated November 18, 1987 is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In September 1983 shortly after MHB Enterprises, Inc. (hereinafter MHB) defaulted on a loan made by the plaintiff partnership, the defendant Harry Baronick, who was an officer of MHB and guarantor of the loan, conveyed his interest in his marital residence—held by him and his wife as tenants by the entireties—to his wife's sole name, allegedly in consequence of an antecedent debt he owed her arising from business loans she made to him prior to the conveyance. Although the loan agreement between MHB and the plaintiff was renegotiated in 1984 pursuant to which the defendant Harry Baronick endorsed a number of promissory notes securing the corporate debt, both the corporation and the defendant Harry Baronick again defaulted almost immediately thereafter. Subsequently, the plaintiff obtained a judgment against the defendant Harry Baronick in the amount of the outstanding indebtedness, which the plaintiff contends it has, to date, been unable to satisfy. Consequently, on or about March 31, 1986, the plaintiff commenced the instant action against Harry Baronick and his wife to set aside as fraudulent the conveyance of Harry Baronick's interest in the marital residence to Mrs. Baronick *(see,* Debtor and Creditor Law § 273).

By notice of motion dated June 9, 1986, the plaintiff moved for summary judgment on its fraudulent conveyance cause of action. In opposition to the plaintiff's motion for summary judgment seeking to set aside the conveyance as fraudulent, the defendants submitted affidavits in which it was alleged, *inter alia,* that (1) at the time of the conveyance, the defendant Harry Baronick's equity in the business exceeded his indebtedness to the plaintiff, and (2) the conveyance was made in consequence of loans allegedly made by Mrs. Baronick between 1981 and 1983. Significantly, other than his own assertions—as supplemented by those of his wife—Mr. Baronick failed to offer in support of his motion a single piece of documentary evidence demonstrating his solvency at the time of the conveyance or the alleged existence of his wife's loans to him. The Supreme Court granted that branch of the plaintiff's motion which was for partial summary judgment declaring that the conveyance was fraudulent, observing, *inter alia,* that the defendants' unsupported, conclusory allegations with respect to Mr. Baronick's solvency and the alleged antecedent debts owed to Mrs. Baronick were insufficient to defeat an application for summary judgment. We agree.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case *(see, e.g., Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853, *on remand* 111 AD2d 138; *Zuckerman v City of New York,* 49 NY2d 557, 562). When, however, a moving party has demonstrated entitlement to judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action *(Zuckerman v City of New York, supra,* at 560). Conclusory averments of fact or law are insufficient *(Century Center v Davis,* 100 AD2d 564, 565).

At bar, the plaintiff, through partner Sidney Small (1) recounted in detail the history of the parties' financial relationship, annexing to its motion papers the loan documents, the deed to the defendant wife and other relevant materials, (2) noted, without contradiction, that the defendant Harry Baronick had defaulted immediately prior to the disputed conveyance and again thereafter, and (3) pointed out that the deed by which the conveyance to the defendant was accomplished contained no stamp taxes affixed thereto, nor any other indication that a fair consideration was paid in consequence of the transfer *(cf., Century Center v Davis, supra).* In opposition to the motion, the defendants submitted affidavits—

devoid of supporting documentary evidence—which contained nothing but conclusory assertions in respect to the existence of the alleged antecedent debt owed by Harry Baronick to his wife. Moreover, Harry Baronick's contention that he was solvent at the time the transfer was effected similarly rests upon his own conclusory allegations and, in any event, is belied by his history of repeatedly failing to meet his obligations under the loan agreement immediately prior to the conveyance and again thereafter. In light of the defendants' failure to establish the existence of material issues of fact necessitating a trial, we conclude that the court properly granted that branch of the plaintiff's motion which was for summary judgment (cf., County of Dutchess v Dutchess Sanitation Servs., 86 AD2d 884).

The defendants' appeal from so much of the order dated November 18, 1987 as denied reargument with respect to the issue of partial summary judgment must be dismissed, inasmuch as no appeal lies from the denial of a motion for reargument (see, DeFreitas v Board of Educ., 129 AD2d 672; Fisher v Carter Indus., 127 AD2d 817).

We have reviewed the defendants' remaining contention and find it to be without merit. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.