In re Thomas FAIR, Sr., Debtor.

Robert L. PRYOR, Trustee of the Bankruptcy Estate of Thomas Fair, Sr., Plaintiff,

v.

Thomas FAIR, Sr., Beulah R. Fair a/k/a Beulah Richmond and Linda Fair, Defendants.

Bankruptcy No. 889–92235–478.
Adv. No. 891–8047–478.

United States Bankruptcy Court, E.D. New York.

July 17, 1992.

Pryor & Mandelup, Mineola, N.Y., for plaintiff.

Irving Singer, Hempstead, N.Y., for debtor/defendant and defendants.

## DECISION

DOROTHY EISENBERG, Bankruptcy Judge.

Plaintiff, Robert L. Pryor ("Trustee"), has instituted the instant adversary proceeding pursuant to Article 10 of New York Debtor and Creditor Law and Section 544 of the Bankruptcy Code to set aside as fraudulent a conveyance of real property by Thomas Fair, Sr. ("Fair" or "Debtor") to his wife and daughter. The Court having carefully considered the facts and circumstances surrounding the conveyance denies the Trustee's motion pursuant to Article 10 of the Debtor and Creditor Law, to set aside the conveyance by Thomas Fair, Sr. to Beulah Fair, a/k/a Beulah Richmond and Linda Fair, of his interest in the real property located at 36 East Centennial Avenue, Roosevelt, New York.

### FINDINGS OF FACT

Upon the testimony and evidence adduced at trial, the Court makes the following findings of fact.

1. On July 15, 1968, the Debtor and his wife purchased a single family residence located at 36 East Centennial Avenue, Roosevelt, New York.

2. On October 29, 1986, the Debtor entered into a settlement agreement with his wife pursuant to a pending divorce action. This agreement was subsequently incorporated into the divorce judgment entered by the Supreme Court of the State of New York on April 16, 1987. At the time, Debtor owned an undivided one-half (½) interest as a tenant by the entirety with his wife in the real property located at 36 East Centennial Avenue, Roosevelt, New York ("Property").

3. As of that date, the property was encumbered by a mortgage with a minimal outstanding balance.

4. The divorce settlement provided for a transfer from the Debtor of his interest in the property to his daughter, Linda Fair, in return for his wife's promise not to make a claim for maintenance.

5. No award for maintenance or alimony was made to his wife in the divorce judgment. By deed dated March 4, 1987, Thomas and Beulah Fair transferred the Property to Beulah Fair and Linda Fair for no cash consideration as is recited on the deed itself and admitted by the Defendants.

6. On November 29, 1989, the Debtor, Thomas Fair, filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

7. At the date of the transfer of the Property, March 4, 1987, there was a judgment of record against the Debtor in the approximate sum of $1,655.00 filed by Mercy Hospital. As of the date of trial, the Debtor had not satisfied this judgment.

8. In addition, a judgment had been entered against the Debtor and his wife in favor of Nassau County Medical Center in the sum of $1,679.50 which was docketed on October 15, 1981, with the County Clerk of Nassau County, New York. At the time of the conveyance of the Property, the judgment, with interest, equalled approximately $2,500.00. This judgment was satisfied on May 11, 1988, more than one year after the transfer of the property. It is not clear whose funds satisfied this judgment.

9. The only other provable debt Fair had at the time of transfer of the property was approximately $828.00 on his First Card Visa account. This account was not in default as Debtor regularly made payments of at least the minimum required.

10. The testimonial evidence adduced at trial indicates that the Debtor was regularly employed at the time of the transfer and believed that he would remain employed and he would thus be in a position to pay his debts.

### DISCUSSION

■ The Trustee seeks to invoke Bankruptcy Code Section 544(b) as authority to set aside the transfer of the property as a fraudulent conveyance. Pursuant to this Section, the Trustee may set aside a transfer of a Debtor's interest in property that is voidable under applicable law by a creditor holding an actual unsecured claim. In the instant action, both Mercy Hospital and Nassau County Medical Center held judgments against the Debtor as unsecured

claims on March 4, 1987, the date of the transfer. Thus, the Trustee may step into the shoes of Mercy Hospital and/or Nassau County Medical Center to avoid the transfer under Article 10 of the New York Debtor and Creditor Law. *See Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931); *In re O.P.M. Leasing Services, Inc.*, 40 B.R. 380 (S.D.N.Y.1984).

▆▆▆ Section 273–a of the Debtor and Creditor Law provides:

Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

In order to sustain a complaint under Section 273–a, the plaintiff must prove only three elements: (1) the conveyance was made without fair consideration; (2) the transferor is a defendant in an action for money damages or a judgment in such action has been docketed against him; and (3) the defendant has failed to satisfy the judgment. *Schoenberg v. Schoenberg*, 113 Misc.2d 356, 449 N.Y.S.2d 137 (1982); *Republic Insurance Co. v. Levy*, 69 Misc.2d 450, 329 N.Y.S.2d 918 (1972). The Section precludes questions of actual intent and insolvency.[1]

▆▆▆ The significant factual issue in dispute concerns the existence of fair consideration. Fair consideration is defined in Section 272 of the New York Debtor and Creditor Law as:

... consideration ... given for property, or obligation:

a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount disportionately small as compared with the value of the property, or obligation obtained.

Whether fair consideration existed under this Section for a conveyance must be determined on facts of each particular case. *Orbach v. Pappa*, 482 F.Supp. 117 (1979); *Vinlis Construction Co., Inc. v. Roreck*, 67 Misc.2d 942, 325 N.Y.S.2d 457, *aff'd* 43 A.D.2d 911, 351 N.Y.S.2d 648 (1971). In an intra-family transaction, the court places a heavier burden on the transferee to establish fair consideration for the transfer. *Liggio v. Liggio*, 53 A.D.2d 543, 385 N.Y.S.2d 33 (1976).

▆▆▆ The Defendants have met this heightened burden. It is true that no cash was transferred in exchange for the Property. In fact, the deed by which the conveyance was made specifically states that "no consideration" was involved in the transaction. (Plaintiff's Exhibit 3). However, this fact taken alone is not dispositive on the issue of consideration.

▆▆▆ On October 29, 1986, the parties agreed to a divorce settlement. The judgment of divorce dated April 16, 1987, incorporates all the terms of the divorce settlement. According to the settlement, Beulah voluntarily agreed to make no claim for maintenance "in consideration for her husband signing over his interest to his daughter." Thus, when the Debtor conveyed his interest in the property to Linda, he was merely acting in accordance with the terms of the agreement which provided the consideration for this transfer. Although a promise of future support is not fair consideration within the meaning of the statute, *see Matter of National City Bank of New York*, 269 A.D. 1040, 58 N.Y.S.2d 620 (1945), the transfer benefitting Fair's daughter and wife as part of a bargained for separation agreement and divorce whereby his ex-wife Beulah agreed to forego any claim for maintenance in return for the conveyance, is a transfer for fair consideration.

The cases that the Trustee cited as authority to bolster his claim that the conveyance was made without fair consideration

---

1. The judgment docketed jointly against Thomas Fair and Beulah Fair was satisfied May 16, 1988, more than a year after the transfer in question.

are premised on facts that are inapposite with those of the instant action. In *Merman v. Miller*, 82 A.D.2d 826, 439 N.Y.S.2d 428 (1981), Harry and Virginia Miller conveyed title to their home to Virginia Miller while an action was pending against Harry Miller. Despite the conveyance of the property from Harry to Virginia Miller, the couple remained married, although the conveyance was allegedly made to solve their marital difficulties. The Trustee's reliance on *Merman v. Miller* is ill-founded because, unlike the situation in *Merman*, the parties in the instant action transferred the interest in property as part of a voluntary divorce settlement in which the parties went their separate ways, and the wife waived her right to maintenance in exchange for the transfer. In addition, the Trustee's reliance on *Century Center, Ltd. v. Davis*, 100 A.D.2d 564, 473 N.Y.S.2d 492 (1984) suffers from the same infirmity. In *Century Center*, Robert Davis, while separated from his wife, Carol Davis, conveyed his interest in certain real property owned by them to his wife. The transferee, Mrs. Davis, claimed that the conveyance was made pursuant to an alleged oral separation agreement and in consideration of her relinquishing her claim for maintenance and child support. The oral nature of this alleged agreement casts a shadow on its validity. In the case at bar, the Fairs entered into a written stipulation incorporated into the divorce which was docketed in the Supreme Court of the State of New York. This Court views a written settlement agreement signed by both parties with more credibility than an alleged oral agreement brought to the court's attention by one party to the divorce.

The Trustee has failed to prove that the transfer was made without fair consideration. Accordingly, the Trustee is not entitled to recover the property pursuant to Section 273–a of the New York Debtor and Creditor Law.

■ The Trustee's second cause of action is brought under Section 273 of the Debtor and Creditor Law. This Section provides in pertinent part, "[e]very conveyance made ... by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made ... without a fair consideration." Whether a conveyance made by a debtor who is or will be thereby rendered insolvent is fraudulent depends upon whether there was a fair consideration for the transfer. *See Matter of Russo*, 1 B.R. 369 (E.D.N.Y.1979); *Wolf v. Minton*, 47 N.Y.S.2d 531 (1944). A conveyance by a debtor who is insolvent or rendered insolvent by the transfer would be deemed fraudulent only if the debtor fails to receive fair consideration in return. *See Alston v. Grandee Beer Distributors, Inc. (In re Alston)*, 49 B.R. 929 (E.D.N.Y. 1985); *Matter of Rego Cresent Corp.*, 23 B.R. 958 (E.D.N.Y.1982). Since this Court finds that fair consideration did indeed exist, the Trustee is precluded from relief under Section 273 of the Debtor and Creditor Law regardless of whether the Debtor was solvent or insolvent at the time of the transfer.

Likewise, Trustee's cause of action pursuant to Section 275 of the Debtor and Creditor Law relies on the nonexistence of fair consideration. Under Section 275, every conveyance made "without fair consideration when the person making the conveyance ... intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors." Again, since there was fair consideration, it is not necessary to consider the issue of intent as it is applied in this Section. For this reason, the Trustee is denied relief pursuant to Section 275.

■ The Trustee's final cause of action is brought under Section 276 of the New York Debtor and Creditor Law. Section 276 provides in pertinent part, that "[e]very conveyance made ... with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors." "Actual intent ... to hinder, delay or defraud either present or future creditors ..." is sufficient to render a conveyance fraudulent, and even "fair consideration" cannot save conveyances made under the circumstances proscribed by Section

276. *DeWest Realty Corp. v. Internal Revenue Service*, 418 F.Supp. 1274 (S.D.N.Y.1976); *United States v. 58th Street Plaza Theatre, Inc.*, 287 F.Supp. 475 (S.D.N.Y.1968). The requisite intent under Section 276 need not be proven by direct evidence but may be inferred: (a) where the transferor has knowledge of the creditor's claim and knows that he is unable to pay it; (b) where the conveyance is made without fair consideration; or (c) where the transfer is made to a related party (i.e., husband to wife). *See Duberstein v. Werner*, 256 F.Supp. 515 (E.D.N.Y.1966); *Klein v. Rossi*, 251 F.Supp. 1 (E.D.N.Y. 1966); *Gafco, Inc. v. H.D.S. Mercantile Corp.*, 47 Misc.2d 661, 263 N.Y.S.2d 109 (1965).

In the opinion of the Court, the circumstances surrounding this transaction and the evidence produced at trial do not support a finding of actual intent as a basis for setting aside the conveyance. Debtor's apparent lack of sophistication indicates to the court that the conveyance was merely a lawful act done pursuant to a divorce settlement.

The evidence is insufficient to support a finding of actual intent to defraud creditors. Accordingly, the Trustee has not met his burden of establishing fraudulent intent. *See Lupia v. Lupia*, 199 N.Y.S.2d 733 (1960).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint to set aside the conveyance as fraudulent pursuant to Bankruptcy Code Section 544(b) and New York Debtor and Creditor Law Sections 273–a, 273, 275 and 276 is dismissed.

Settle Order.