■ JOSEPH RAMPELLO, Respondent, v SIGISMONDO CIOFFI et al., Appellants. [669 NYS2d 849] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 15, 1997, which granted the plaintiff's motion for partial summary judgment on the third cause of action asserted in the complaint.

Ordered that the order is affirmed, with costs.

The individual defendant, Sigismondo Cioffi, was the sole officer and shareholder of the corporate defendant, Everybody's

Place, Inc. On March 9, 1989, the plaintiff, Joseph Rampello, entered into a written agreement with Cioffi. In return for a $50,000 personal loan, Cioffi was to permit, and did permit, the plaintiff to manage the corporation's gas station. The plaintiff gave Cioffi a $50,000 check, and Cioffi deposited it in his personal bank account.

Some time after the agreement was entered into, the plaintiff became the Secretary/Treasurer of the defendant corporation. However, allegedly as a result of the plaintiff's alleged theft of funds from the corporate defendant, Cioffi removed him from the position as manager of the gas station, dismissed him as corporate officer, and directed him to stop taking part in any corporate business. Thereafter, the plaintiff commenced the instant action seeking to recover damages for breach of the March 9, 1989, agreement, and claiming that he was induced to enter into it by Cioffi's misrepresentation. As a third cause of action, the plaintiff sought the return of the money loaned to Cioffi, that is, $50,000. The Supreme Court granted the plaintiff's motion for partial summary judgment on the third cause of action.

We agree with the Supreme Court that the plaintiff met his burden establishing his right to judgment on the third cause of action as a matter of law (see, CPLR 3212 [b]). The fact that the $50,000 check was drawn on the plaintiff's wife's account does not alter the fact that it was the plaintiff who made the loan to Cioffi. The loan, which has yet to be repaid, was made pursuant to an agreement signed only by the plaintiff and Cioffi (see, Gittleson v Dempster, 148 AD2d 578, 579; cf., Tradition N. Am. v Sweeney, 133 AD2d 53). The evidence submitted by Cioffi, both in his affidavits in a prior action and those submitted in opposition to the present motion, was insufficient to raise a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562).

Moreover, any claim that the plaintiff stole funds from the defendant corporation is sufficiently separable from the issue of Cioffi's personal liability, and cannot defeat the plaintiff's motion for partial summary judgment on the third cause of action (see, Harris v Miller, 136 AD2d 603).

The defendants' remaining contention is without merit. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.