■ Joseph Rampello, Appellant, v Sigismondo G. Cioffi et al., Respondents, et al., Defendants. [723 NYS2d 75].—In an ac-

tion, *inter alia,* pursuant to Debtor and Creditor Law article 10 to set aside the transfer of real property as fraudulent, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 26, 2000, as, upon reargument, denied that branch of his motion which was for summary judgment on the first cause of action asserted against the defendants Sigismondo G. Cioffi and Jane T. Cioffi predicated upon Debtor and Creditor Law § 273-a.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment on the first cause of action asserted against the defendants Sigismondo G. Cioffi and Jane T. Cioffi is granted, and the remaining cause of action is severed.

The plaintiff loaned the defendant Sigismondo G. Cioffi $50,000. When Cioffi failed to repay the loan, the plaintiff commenced an action against him to recover the money. By order dated January 15, 1997, the Supreme Court granted the plaintiff's motion for summary judgment in that action, and this Court affirmed that order (*see, Rampello v Cioffi,* 248 AD2d 366). While the appeal from that order was pending, Sigismondo G. Cioffi executed a deed transferring his interest in his marital residence to his wife, the defendant Jane T. Cioffi. The plaintiff subsequently commenced this action to set aside the conveyance as fraudulent, and moved for summary judgment on the cause of action predicated on Debtor and Creditor Law § 273-a.

In his moving papers, the plaintiff produced a copy of the deed in question which recited that the conveyance was made in consideration of $10. In opposition to the motion, Jane T. Cioffi submitted an affidavit in which she claimed, in conclusory form, that for approximately six years prior to the conveyance, she and her husband had been experiencing marital difficulties, and that the conveyance to her of the marital property was in consideration of her not commencing an action for divorce or separation against him. To defeat the plaintiff's motion for summary judgment, it was incumbent on the defendants to disclose evidentiary facts sufficient to raise a triable issue of fact as to whether the conveyance was supported by fair consideration (*see,* Debtor and Creditor Law §§ 272, 273-a; CPLR 3212). The conclusory affidavit by Jane T. Cioffi, as well as a similar affidavit submitted by Sigismondo G. Cioffi, failed to raise an issue of fact (*see, Century Ctr. v Davis,* 100 AD2d 564; *Merman v Miller,* 82 AD2d 826; *see also, Kleinfeld v Pedersen,* 116 AD2d 970). Thus, the plaintiff was entitled to

summary judgment setting aside the conveyance. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.