■ In the Matter of ANGELA MOTTAHEDEH, Appellant, v POWERSERVE INTERNATIONAL, INC., Respondent, and OLD CEDAR DEVELOPMENT CORP. et al., Respondents. [726 NYS2d 876] —In a proceeding pursuant to CPLR 5239 to determine adverse claims

to 19 shares of stock issued by Old Cedar Development Corp. and the distributions therefrom, Angela Mottahedeh appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Alpert, J.), entered June 23, 2000, as denied the petition and granted that branch of the motion of Powerserve International, Inc., which was for summary judgment on the first and second counterclaims of its cross petition, and (2) a judgment of the same court, entered July 21, 2000, as is in favor of Powerserve International, Inc., and against her, declaring that its rights in the subject shares of stock and the distributions therefrom are superior to hers.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Powerserve International, Inc., is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The satisfaction of an antecedent debt may provide fair consideration for the conveyance of property (*see,* Debtor and Creditor Law § 272). However, in support of that branch of its motion which was for summary judgment on the first and second counterclaims of its cross petition, Powerserve International, Inc. (hereinafter Powerserve), made a prima facie showing that there was no antecedent debt. Furthermore, Powerserve demonstrated, prima facie, that Parviz Lavi fraudulently transferred the 19 shares of stock issued by Old Cedar Development Corp. to a trust, of which Angela Mottahedeh was the trustee, while an action to recover damages was pending against him, and that a judgment in its favor entered in that action was not satisfied. In opposition, Mottahedeh failed to raise a triable issue of fact (*see, Century 21 Constr. Corp. v Rabolt,* 143 AD2d 873; *Small & Landesman v Baronick,* 143 AD2d 221; *Gelbard v Esses,* 96 AD2d 573). Therefore, the Supreme Court properly granted summary judgment on Powerserve's first and second counterclaims (*see,* Debtor and Creditor Law § 273-a; *Durrant v Kelly,* 186 AD2d 237).

The parties' remaining contentions are without merit. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.